**ZHIFANG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3241–ag.**

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Daniel B. Lundy, New York, NY, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General, Michelle G. Latour, Assistant Director, Sunah Lee, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

**42**

*SUMMARY ORDER*

Zhifang Chen, a native and citizen of the People's Republic of China, seeks review of a June 29, 2007 order of the BIA, denying her motion to remand and affirming the July 20, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, which pretermitted her application for asylum and denied her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhifang Chen,* No. A98 641 912 (B.I.A. June 29, 2007), *aff'g* No. A98 641 912 (Immig. Ct. N.Y. City July 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Asylum

The Attorney General maintains that we lack jurisdiction to consider Chen's challenge to the agency's decision that her asylum application was untimely. We disagree. Further, we agree with Chen that the agency committed errors of law in deciding her asylum application.

An applicant must apply for asylum within one year after arriving in the United States unless the applicant "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility ... or extraordinary circumstances relating to the delay in filing." 8 U.S.C. § 1158(a)(2)(B), (D). We lack jurisdiction to review the Attorney General's determination as to whether an applicant has demonstrated changed or extraordinary circumstances. *See id.* § 1158(a)(3). However, we retain jurisdiction to review constitutional claims and "questions of law." *Id.* § 1252(a)(2)(D).

■ We have construed "questions of law" to include a colorable claim that "the IJ based his decision on an unambiguous misstatement of pertinent facts in the record." *Khan v. Gonzales,* 495 F.3d 31, 36 (2d Cir.2007). Here, the IJ found that Chen had established changed circumstances but that she failed to file her asylum application within a reasonable time after the change in circumstances. Because Chen's argument that the IJ's decision was based on an unambiguous misrepresentation of the record is not frivolous or immaterial, we have jurisdiction to review it. *See Barco–Sandoval v. Gonzales,* 516 F.3d 35, 41 n. 6 (2d Cir.2008).

■ We are also compelled to agree with Chen on the merits of her argument. The IJ mischaracterized Chen's testimony when the IJ stated that Chen delayed for over a year after discovering she may have been defrauded by the agency she hired to file her asylum application because Chen "wasn't feeling very well" at the time. Chen testified that, after learning of the potential fraud, it took her nearly a year to locate an attorney willing to accept her case, not that her delay was due to poor health. Whether Chen's explanation is sufficient "to ... satisf[y] ... the Attorney General," 8 U.S.C. § 1158(a)(2)(D), is outside our domain, but we cannot "confidently predict" whether, absent the IJ's unambiguous mischaracterization of Chen's testimony, the agency would have found Chen's asylum application timebarred. *See Yi Long Yang v. Gonzales,* 478 F.3d 133, 144 (2d Cir.2007).[2]

■ Nor can we determine whether the agency would have denied Chen's asylum application on the merits (which neither

---

**2.** Chen argues that the IJ committed legal error when the IJ found Chen did not file her application sooner because "it wasn't convenient." While we have misgivings about the IJ's interpretation of this aspect of Chen's testimony, we are not persuaded that it was an *unambiguous* mischaracterization. *See Gui Yin Liu v. INS,* 508 F.3d 716, 722 (2d Cir.2007) (per curiam).

the IJ nor BIA considered) even though, as we explain below, the agency did not err in denying Chen's applications for withholding of removal and CAT relief. A petitioner bears a lesser burden of proof on an asylum claim than on a claim for withholding of removal and under CAT. *Lin Zhong v. DOJ*, 480 F.3d 104, 115 (2d Cir.2007). Thus, failure to establish eligibility for withholding of removal or CAT relief is not necessarily fatal to an asylum claim. Accordingly, remand of Chen's asylum claim is in order.

## II. Withholding of Removal and CAT Relief

Because the one-year bar applicable to asylum applications does not affect petitions for withholding of removal or CAT relief, *Gui Yin Liu v. INS*, 508 F.3d 716, 722 (2d Cir.2007) (per curiam), we, like the agency, address the merits of those claims.

"Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir.2007). We review the agency's legal decisions de novo and factual findings under the substantial-evidence standard. *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir.2007).

■ First, we reject Chen's argument that the BIA violated her due-process rights by taking administrative notice of a State Department report. The BIA's holding was not based solely on the administratively noticed facts; instead, the administratively noticed facts were complementary to the BIA's determination that the record failed to establish Chen's eligibility for relief. *Cf. Burger v. Gonzales*, 498 F.3d 131, 135 (2d Cir.2007) (holding that failure to provide notice of intent to rely on extra-record evidence violates due

process where "administratively noticed facts constitute[ ] the *sole* basis of the BIA's determination").

■ Second, we find no error in the agency's determination that Chen failed to establish eligibility for withholding of removal or CAT relief. A reasonable factfinder would not be compelled to conclude that Chen would more likely than not face sterilization upon return to China.[3] *See Mu Xiang Lin v. Gonzales*, 432 F.3d 156, 159–60 (2d Cir.2005).

■ Finally, Chen maintains that the documents addressed by this Court in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), support her claim that she is likely to face sterilization. Chen did not raise this argument until her motion to remand. While the BIA's conclusory denial of Chen's motion might, under other circumstances, be sufficiently devoid of reasoning to support a remand, *see Singh v. DOJ*, 461 F.3d 290, 293 (2d Cir.2006), remand here would be futile. The BIA requires motions like Chen's to meet the standards for a motion to reopen. *See In re Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992). Thus, the applicant must "support[ ] [the motion] by affidavits or evidentiary material" and demonstrate why the "evidence sought to be offered ... was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c). Because Chen failed to attach the *Shou Yung Guo* documents and did not explain why the documents were unavailable at the time of her first hearing, we can confidently predict that the BIA would again deny the motion on remand. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006). Moreover, we have no authority to order the BIA to consider the *Shou Yung Guo* documents in Chen's case because the docu-

---

**3.** Because Chen failed to raise her fear of future economic persecution in her appeal to the BIA, and because the Attorney General

has raised Chen's failure to exhaust this issue, we decline to consider it. *See Lin Zhong v. DOJ*, 480 F.3d 104, 123–24 (2d Cir.2007).

ments are not part of the administrative record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 270 (2d Cir.2007).

For the foregoing reasons, the petition for review is GRANTED IN PART and DENIED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).